UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.

CORTNEY ALLEN CONLEY, *et al.*,

Defendants.

Criminal No. 2:22cr147

## MEMORANDUM OPINION

Before the Court is a Motion to Continue Trial (the "Motion") by Defendants Cortney Allen Conley, Javaid Akhtar Reed, Kyron Speller, and Terrance Spencer Alexander (collectively, "Defendants"). ECF No. 326. Defendants request that the Court continue the trial because of the need for additional time to review voluminous discovery materials and the close proximity of the seventh production of discovery to trial. *Id.* at 1. The Government opposes the Motion and argues that Defendants have had adequate time to review discovery materials, including through several reverse proffers from the Government. Resp. Opp'n at 4, ECF No. 329. The Court granted the Motion on September 6, 2023. *See* Order, ECF No. 330. The following memorandum opinion sets out the reasoning for the Order.

I. **BACKGROUND**

The Government alleges the following information in the Superseding Indictment. ECF No. 150. Between January 2020 and November 2022, Defendant Cortney Allen Conley managed a large-scale, interstate drug trafficking organization

1

principally based in the Hampton Roads region that generated hundreds of thousands of dollars in illicit revenue from controlled substance sales. *Id.* at 2. The drug trafficking organization primarily sold marijuana and psilocybin and operated drug "popup" dispensary shops at various locations during the course of the conspiracy. *Id.* Mr. Conley employed couriers, security, doormen, advertisers, and lower-level retail controlled substance dealers as part of the organization. *Id.* Defendant Javaid Akhtar Reed acted as a manager and security for various popup locations. *Id.* at 3. Defendant Kyron Speller also acted as security for various popup locations and helped establish the Wintercress Way popup shop. *Id.* Lastly, Defendant Terrance Spencer Alexander acted as a doorman and security for the drug trafficking organization. *Id.*

On December 7, 2022, a grand jury returned an eleven-count Indictment against Defendants Cortney Allen Conley, Rashaun Marcquez Johnson, Davian Marcelis Jenkins, Lateya Conley, Jasmine Deneen Cuffee, Kasheim Bryant, Javaid Akhtar Reed, and Kyron Speller. ECF No. 6. On April 19, 2023, a grand jury returned an eighteen-count Superseding Indictment against all previously listed defendants (except Kasheim Bryant, who had already pleaded guilty) and Defendants Terrance Spencer Alexander, Corey Melic Blackwell, and Aaron Hunter. ECF No. 150. The Superseding Indictment charged Defendants with Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Psilocybin, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B). *Id.* at 1. Mr. Reed, Mr. Speller, and Mr. Alexander are also each charged with one count of Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); one count of Possession with Intent to

Distribute Psilocybin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and one count of Possession, Brandish and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). Mr. Conley is also charged with two counts of Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); two counts of Possession with Intent to Distribute Psilocybin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); two counts of Possession, Brandish and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and one count of Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848.

During each Defendant's arraignment, the Court set a jury trial date of September 19, 2023. ECF Nos. 178, 197, 203, 207. All parties agreed to waive speedy trial due to the complexity of the case pursuant to 18 U.S.C. § 3161(h).

## II. LEGAL STANDARD

A district court has broad discretion on whether to grant a motion to continue. *See, e.g.*, *United States v. Williams*, 445 F.3d 724, 738–39 (4th Cir. 2006) (citing *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983)); *United States v. Cronic*, 466 U.S. 648, 662–66 (1984). "[O]nly an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." *Williams*, 445 F.3d at 738–39 (quoting *Morris*, 461 U.S. at 11–12). "No continuance will be granted other than for good cause and upon such terms as the Court may impose." E.D. Va. Local Crim. R. 47(G).

### III. ANALYSIS

Here, the Court agrees with Defendants that there is good cause to continue the trial. The case involves eleven defendants and three related cases. The Government has provided over 4.5 terabytes[1] of electronic discovery, which includes over 300,000 electronic files and other types of discovery. The Government also advised on August 28, 2023 that there was another production of discovery that is approximately 0.58 terabytes. *See United States v. Puckett*, No. 3:15cr42, 2015 WL 1815728, at *2 (E.D. Tenn. Apr. 22, 2015) (describing half a terabyte of discovery as "voluminous"). Defense counsel for Mr. Conley received the most recent production of discovery on August 31, 2023, and defense counsel for Mr. Alexander did not receive the most recent production until September 6, 2023. As such, the Court finds good cause for a continuance because of the complexity of the case, the volume of discovery, and the relatively short time between the last production of discovery and trial.

The Court acknowledges that the Government has made substantial efforts to produce discovery in a timely manner and has diligently assisted defense counsel in navigating the voluminous discovery materials, including through separate reverse proffers. However, given the representations from all four defense attorneys that they require more time to adequately prepare for trial, and for the reasons discussed above, the Court finds that the interests of justice support granting the continuance.

---

[1] 4.3 terabytes of data is calculated to be the equivalent of 215 million pages, or 86,000 banker boxes, of documents. *See* Sean Broderick et al., Criminal e-Discovery 14 n.35, Fed. Jud. Ctr. (2015), https://www.fd.org/sites/default/files/litigation_support/pocket-guide_criminal-e-discovery.pdf (last visited Sept. 7, 2023).

In particular, the Court considers the serious nature of the charges, the severity of the potential penalties if convicted, and the fact that the Court previously denied Mr. Conley's requests for a bill of particulars, which the Government opposed. To require defense counsel to proceed to trial without adequate time to review discovery materials would be a disservice to the Defendants and contrary to the interests of justice. For these reasons, the Court finds good cause for Defendants' request to continue trial.

## IV. CONCLUSION

For the foregoing reasons, the Court granted Defendants' Motion to Continue Trial (ECF No. 326) in its Order (ECF No. 330) dated September 6, 2023. The Clerk is **REQUESTED** to forward a copy of this memorandum opinion to counsel of record for all parties.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

September 7, 2023
Norfolk, Virginia